IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CHARLES LENWOOD NIX, JR.,** | : | |
| Plaintiff, | : | |
| | : | **NO.  5:10-CV-256 (CAR)** |
| VS. | : | |
| **ALAN CARTER,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| | : | |

### RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Alan Carter, Todd Tripp, and Willie Hollie.  Doc. 16.  In this motion, these Defendants argue that Plaintiff Charles Lenwood Nix, Jr.'s claims against them are based entirely upon a theory of respondeat superior.  In his Response to the Motion to Dismiss (Doc. 22, 31) Plaintiff moves the Court for leave to amend his complaint and supplement his allegations against the supervisory defendants.  When the allegations in the Complaint are considered with the additional allegations in Plaintiff's supplement, there is a sufficient factual basis for a plausible claim that Carter, Tripp, and Hollie personally participated in a violation of Plaintiff's constitutional rights.  For the reasons set forth more fully below, therefore, **IT IS RECOMMENDED** that Plaintiff's Motion for Leave to File a Supplemental Complaint (Doc. 22) be **GRANTED** and that Defendants' Motion to Dismiss (Doc. 16) be **DENIED**.

On consideration of a motion to dismiss, the Court must accept as true all well-pleaded facts in the complaint.  Because Plaintiff is pro se in this case, his pleadings "are held to a less stringent standard than pleadings drafted by lawyers and will, therefore, be liberally construed."  Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

In addition to the Complaint in this case, Plaintiff has also filed a Motion for Leave to File a Supplemental Complaint. (Doc. 22).[1] The Court construes this as a motion for leave to amend the Complaint. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend a complaint should be freely given when justice so requires. Leave to amend is warranted in this case, where Plaintiff is a pro se petitioner and the motion for leave to amend was filed within three months of the filing of the Complaint. Because discovery as to defendants Carter, Hollie, and Tripp has been stayed pending resolution of the motion to dismiss, there is minimal prejudice to Defendants in granting leave to amend.

The Complaint alleges that, on March 18, 2010, during his intake at Wilcox State Prison, he was beaten by Defendant Jermaine Rockwell in the presence of Defendants Charles Register and Charlie Harrell. Rockwell, Register, and Harrell are members of the prison's "Central Emergency Response Team," known as the CERT. Plaintiff alleges that he and other new inmates were escorted to the prison gym, where they were ordered to line up against the wall. Harrell and Register locked the doors and closed the blinds. Rockwell then stated to the inmates that "This is a hands on camp!" After Plaintiff made a comment, Rockwell ran at him and pinned him against the wall. Claiming that Plaintiff had rolled his eyes, Rockwell then stepped back and punched him with full strength in the left side of his face. Harrell and Register also approached and joined in pushing and threatening Plaintiff. Register exclaimed, "The wardens are backing us on any legal charges. Fuck your lawsuits," and added "they gave us our orders." Rockwell stated that the officers were told to use force.

In his Motion for Leave to Supplement, Plaintiff adds the allegation that he has seen "more than a dozen inmates who [were] either assaulted in handcuffs or out of handcuffs" since the filing of his lawsuit. Pl.'s Resp. 5 (Doc. 22). He contends that the wardens had notice of this pattern of abuse through the filing of numerous grievances and complaints from family members. Id. at 6.

---

[1] Plaintiff's Motion for Leave to File a Supplemental Complaint also contains arguments in opposition to the Motion to Dismiss, and has therefore also been docketed as Response to the Motion (Doc. 31).

Plaintiff seeks to bring claims not only against Rockwell, Register, and Harrell, but also against three supervisory officials at the prison, Warden Allen Carter, Deputy Warden Tripp, and Deputy Warden of Security Willie Hollie.  "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir.2003) (internal quotation marks and citation omitted).  As such, supervisory officials may only be held liable when they have personally participated in unconstitutional conduct or where there is "a causal connection between [their] actions ... and the alleged constitutional deprivation." Id.  To establish this causal connection, a plaintiff must show that the supervisor: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." Gross v. White, 340 Fed. Appx. 527 (11th Cir. 2009) (citing Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir.2007)).

In this case, Plaintiff contends that Wardens Carter, Tripp, and Hollie "created a policy or custom allowing or encouraging the illegal acts, and [were] grossly negligent in managing the people they were supposed to supervise." Doc. 1, p. 8.  Such conclusory allegations alone are insufficient to state a claim for supervisory liability.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  The factual allegations in a complaint must be more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id.  Plaintiff's Complaint contains more than mere threadbare allegations, however.

When the Complaint is read with the supplemental allegations added in Plaintiff's Response, the allegations are sufficient to state a plausible claim against the wardens. The original Complaint, in addition to the "threadbare recital" of a claim that the wardens "created a policy or custom allowing or encouraging the illegal acts" of the corrections officers, offers several statements by the

defendant officers to indicate that the assault on Plaintiff was part of a policy or custom at the prison. Given the circumstances described in the Complaint, the alleged assault on Plaintiff appears to have been part of some sort of initiation ritual. The new prisoners were taken into a closed room and informed that they were now in a "hands on prison." The officers demonstrated this "hands on" policy by assaulting Plaintiff. They stated that they were acting pursuant to "orders" and that the wardens would back them up. Plaintiff's supplement provides additional facts concerning the "hands on" atmosphere at Wilcox State Prison, alleging that Plaintiff has witnessed numerous assaults at the prison since his intake. These allegations suggest that there is a "history of widespread abuse" at Wilcox State Prison that would have notified the responsible supervisors of the need to take action. See Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009). Although the additional beatings alleged in Plaintiff's supplement appear to have occurred after the incident for which Plaintiff seeks relief, they are facts to confirm the inference of a policy or custom of abuse created by the nature and circumstances of the assault alleged in the Complaint. Taken together, these facts are sufficient, at the pleading stage, to permit a claim to go forward against the supervisory officials.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Leave to File a Supplemental Complaint be **GRANTED** and that Defendants' Motion to Dismiss be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 31st day of August, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge