**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **CHARLES LENWOOD NIX, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO.  5:10-CV-256 (CAR)** |
| **VS.** | : | |
| | : | |
| **ALAN CARTER, *et al.*,** | : | |
| | : | **Proceedings Under 42 U.S.C. §1983** |
| **Defendants.** | : | **Before the U.S. Magistrate Judge** |
| ————————————————— | : | |

## RECOMMENDATION

Plaintiff Charles Lenwood Nix, Jr., who is proceeding pro se, filed this action pursuant to 42 U.S.C. §1983 raising allegations of: 1) excessive force by Defendant Sergeant Jermaine Rockwell; 2) failure to intervene by Defendants Charles Register and Charlie Harrell; and 3) deliberate indifference by Defendant Wardens Alan Carter, Todd Tripp, and Willie Hollie.  Presently before the Court are a Motion for Summary Judgment filed by Defendants Harrell, Register, and Rockwell (Doc. 59) and a Motion for Summary Judgment filed by Plaintiff Nix (Doc. 61).  For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion be **DENIED.  IT IS FURTHER RECOMMENDED** that, Defendants' Motion be **DENIED** as to Defendant Rockwell and **GRANTED** as to Defendants Harrell and Register.

## LEGAL STANDARD

In accordance with Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted if "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  A genuine dispute of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of a material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  If the moving party meets this burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the moving party is not entitled to judgment as a matter of law.  Id. at 324–26.  If the evidence presented by the nonmovant is "not significantly probative" or is "merely colorable," then summary judgment may be granted. Anderson, 477 U.S. at 249.  In fact, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial ." Celotex, 477 U.S. at 322.

FACTUAL EVIDENCE

The record of evidence in this case consists of Plaintiff's deposition testimony, affidavits from Defendants  Harrell, Register, and Rockwell, affidavits from other prison officials submitted by Defendants, and relevant portions of the Plaintiff's prison medical records. Based on this evidence, considered in the light most favorable to Plaintiff, a reasonable jury could find that Defendant Rockwell maliciously and sadistically struck Plaintiff once in the face during Plaintiff's intake processing at Wilcox State Prison.  Moreover, though the evidence suggests that Plaintiff's resulting injuries were limited in nature, the Court is unable to conclude that Rockwell's use of force was de minimis.  Consequently, Defendant Rockwell is not entitled to judgment as a matter of law. Conversely, because Rockwell's alleged use of excessive force was limited to a single blow,

Defendants Harrell and Register had no opportunity to intervene and, as such, are entitled to summary judgment.

Plaintiff describes the incident in detail in his deposition testimony.  He testifies that he was transported to Wilcox State Prison on May 18, 2010.  During the intake processing, he and the other new inmates were taken into a gymnasium and lined up against a wall.  Officers Rockwell, Register, and Harrell were present in the gymnasium.  Register began to explain to the new inmates that Wilcox was "a hands-on camp" and stated, "Yes, we'll beat your ass.  We've done it before."  Pl.'s Dep. 30 (Doc. 59-11).   Plaintiff was standing next to a Hispanic inmate who was unable to understand English.  When Plaintiff offered to translate for the officers, Rockwell "went nuts."  Id. at 32.  Rockwell stood chest-to-chest against Plaintiff, pressing Plaintiff against the wall, and shouted, "Who in the fuck told you to talk?  Who the fuck do you think you are?"  Id.  Plaintiff testifies that Rockwell struck him after he yawned and rolled his eyes:

> I don't know why he did it, but me being so tired, I'm yawning and he's up in my face screaming.  I rolled my eyes to keep him out of my face and the saliva from spitting up in my eyes.  And apparently it pissed him off and he said you just god-damned disrespect me.  Why in the fuck you rolling your eyes at me, disrespecting me?  And he stood back, looked around, and Officer Harrell and Officer Register started to approach.  That's when he just took a big step back and cold-cocked me right in the side of my face.

Id. at 33-34.  Plaintiff is unable to recall whether Rockwell struck him with a closed fist or with the back of his hand, but remembers that "it made some kind of aggressive slap, a large sound, . . . [and] it got my face red and swole."  Id. at 34. After Rockwell struck Plaintiff, Harrell and Register held Plaintiff against the wall and made threats.  Register stated that the officers did not care about prisoner's lawsuits and that they were under orders from the wardens.  Id. at 36.  Plaintiff did not respond and no further force was used.

Shortly after the incident, a nurse came to the gymnasium to check the new inmates' vital signs.  Pl's Dep.. at 59 (Doc. 59-12).  The nurse did not ask Plaintiff about his face, but just did "a light investigation."  Id.  When Plaintiff asked the nurse about having his face looked at, she instructed him to file a grievance.  Id.

Later, when the officers were conducting an inventory of the new inmates' property, Rockwell took Plaintiff into an office and had a conversation with him.  Plaintiff states that Rockwell apologized for the incident and explained that Plaintiff was "at the wrong place at the wrong time."  Id. at 62.

On May 20, 2010, Plaintiff attempted to file an informal grievance form with a counselor. The counselor refused to accept the grievance.  Id. at 65.  The next day, Plaintiff took the grievance form to the chief counselor's office.  Id. at 66.  After presenting his grievance, Plaintiff was taken to medical for a use of force assessment.  During the examination, Plaintiff complained that his face was still red and swollen.  Id. at 71.  According to Plaintiff's testimony, the nurse photographed Plaintiff's face and informed Plaintiff that there was "really nothing medically that could actually be done about it." Id. at 72.  The redness eventually subsided, and Plaintiff suffered no permanent injury.  Id. at 72-73.

In addition to his own testimony, Plaintiff has submitted records from an internal investigation into the incident.  These records show that Investigator Erich Williams interviewed three fellow inmates who were present for the incident on May 18.  Records from the investigation show that inmate Lavante Metts gave a sworn, recorded interview, in which he stated that he observed a black CERT team officer strike Plaintiff after Plaintiff attempted to translate for a Hispanic inmate.  Doc. 61-6, pp. 39-40.  Inmate Calvin Belt stated that he heard Plaintiff get

slapped, but did not see it.  Id. at 42.  He also stated that Plaintiff's face was still red two days after the incident.  Id.  Inmate Phillip Hollis was also interviewed, and stated first that he saw a black CERT team officer strike Plaintiff, then stated that he only heard a slap.  Id. at 41.  Plaintiff has submitted a sworn, written statement by Hollis, in which Hollis states that he saw Rockwell strike Plaintiff and that the officers warned him that he would be beaten if he told anyone about the incident.  Doc. 61-7, pp. 23-24.

Defendants dispute Plaintiff's evidence.  In their affidavits, Defendants Harrell, Register, and Rockwell, along with fellow correctional officers Matthew Lubelsky and Clyde Marshall, categorically deny that Plaintiff or any other inmate was ever struck.  Defendant Rockwell testifies that he does not specifically recall Plaintiff or the intake proceedings that occurred on that day, but states that he did not threaten, hit, punch, or otherwise strike Plaintiff or any other inmate.  Rockwell Aff., ¶ 16 (Doc. 59-3).  Likewise, Register, Harrell, Lubelsky, and Marshall testify by affidavit that they did not threaten or strike any inmates on May 18, 2010, and maintain that Officer Rockwell did not hit, punch, or otherwise strike Plaintiff or any other inmate on that date.

Joyce Powell, the nurse who performed the initial medical evaluation at Plaintiff's intake, has submitted an affidavit in which she testifies that she did not observe any visible injuries to Plaintiff's face or head and that Plaintiff did not complain of being struck in the face.  Powell Aff., ¶ 6 (Doc. 59-9).  Defendants have submitted records showing that Plaintiff presented to medical on May 21, 2010, complaining that he was struck with an open hand on the left side of his face during intake.  Doc. 59-10.  The nurse who prepared the "Use of Force Assessment" noted no visible injuries.  Id.

DISCUSSION

**Excessive Force**

There are genuine issues of material fact regarding the use force by Rockwell against Plaintiff during Plaintiff's intake on May 18, 2010.  Plaintiff has presented sufficient evidence to permit a reasonable jury to conclude that Rockwell struck him once in the face.  There is no evidence to show that such a use of force was warranted in the circumstances.  A reasonable jury could conclude that this use of force was not applied maliciously and sadistically and was more than a *de minimis* use of force.

The Eighth Amendment forbids cruel and unusual punishment, and this prohibition governs "the treatment a prisoner receives in prison and conditions under which he is confined."  Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003).  To establish an Eighth Amendment excessive force claim, a Plaintiff must satisfy both a subjective and objective component.  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  To meet the subjective component, a plaintiff must show that the defendant acted with a malicious and sadistic purpose to inflict harm.  Id.  To satisfy the objective component, there must be a showing that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.  Id.  However, it must be noted that  "[t]he 'core judicial inquiry' . . . [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"  Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010) (quoting Hudson, 503 U.S. at 7).

The evidence presented by Plaintiff is sufficient to warrant a finding that Rockwell acted sadistically and maliciously to cause harm.  There is no evidence to show that force was needed to maintain or restore discipline.  No witness has testified that Plaintiff was causing a disturbance or

was a threat to the safety of inmates or guards at the time he was struck.  At most, the evidence from

Plaintiff's own testimony indicates that Plaintiff volunteered to translate for a fellow inmate, then

rolled his eyes when Rockwell rebuked him for speaking out of turn.  These actions do not justify

a punch or a slap in the face.  The evidence, viewed in the light most favorable to Plaintiff, indicates

that Rockwell struck Plaintiff as an intimidation tactic, to demonstrate to Plaintiff and to the other

new inmates that Wilcox State Prison was a "hands-on camp." A reasonable jury could therefore

conclude that Rockwell's use of force was excessive in the circumstances, and was intended solely

for the purpose of inflicting pain on Plaintiff.

        The evidence is also sufficient to support a finding that Rockwell's use of force was more

than *de minimis*.  In determining whether a use of force is *de minimis*, courts must focus on the force

applied, not on the injury sustained:

> When prison officials maliciously and sadistically use force to cause harm,
> contemporary standards of decency always are violated.  This is true whether or not
> significant injury is evident.  Otherwise, the Eighth Amendment would permit any
> physical punishment, no matter how diabolic or inhuman, inflicting less than some
> arbitrary quantity of injury.  Such a result would have been as unacceptable to the
> drafters of the Eighth Amendment as it is today.

Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations omitted).  Although Plaintiff in this case

appears to have suffered only a minor injury, a reasonable jury could conclude that the use of force

was unwarranted, sadistic, malicious, and "of a sort 'repugnant to the conscience of mankind.'" Id.

at 10 (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986).

        Defendant Rockwell also raises the defense of qualified immunity.  In this Circuit, the

defense of qualified immunity is precluded in cases where a claim of excessive force in violation

of the Eighth Amendment has been sufficiently alleged. Skrtich v. Thornton, 280 F.3d 1295, 1301

(11th Cir.2002), citing Hudson v. McMillian, 503 U.S. 1 (1992), and Whitley v. Albers, 475 U.S.

312 (1986).  Because Plaintiff has presented evidence sufficient to show that Rockwell's actions were malicious and sadistic, Rockwell is not protected by qualified immunity.

### Failure to Protect

Plaintiff alleges that Defendants Harrell and Register were present during Rockwell's assault, failed to intervene, and should therefore be held liable.  According to the law in this Circuit, "an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance."  Hadley v. Gutierrez, 526 F.3d 1324, 1330 (11th Cir. 2008).  In this case, the duration of Defendant Rockwell's alleged use of  excessive force, if proven, was limited to the time it took to land a single blow.  Absent any indication that this took more than a few seconds, there was simply no opportunity for Defendants Harrell and Register to intervene.  Accordingly, Plaintiff's claims against Defendant's Harrell and Register must fail.

### Plaintiff's Motion for Summary Judgment

Plaintiff's "motion" primarily consists of his responses to the Defendants' arguments and a request that their Motion for Summary Judgment be denied.  As set forth above, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  As genuine disputes of material fact remain with respect to Plaintiff's claims, it is clear that he has failed to make such a showing.  Accordingly, Plaintiff is not entitled to summary judgment.

### CONCLUSION

In accordance with the above,  **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment be **DENIED,** with respect to Defendant Rockwell, and **GRANTED,** with

respect to Defendants Harrell and Register. **IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 23rd day of February, 2012.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge