IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHARLES LENWOOD NIX, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 5:10-cv-256 |
| | : | |
| v. | : | PROCEEDINGS UNDER |
| | : | 42 U.S.C. § 1983 |
| ALAN CARTER, et al., | : | |
| | : | |
| Defendants. | : | |

_____

*ORDER ON UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 71] that Plaintiff's Motion for Summary Judgment [Doc. 61] be denied, and Defendants Charlie Harrell, Charles Register, and Jermaine Rockwell's Motion for Summary Judgment [Doc. 59] be granted in part and denied in part.  Specifically, the Magistrate Judge recommends that summary judgment be granted as to Defendants Register and Harrell, but denied as to Defendant Rockwell.  Defendant Rockwell has filed an Objection [Doc. 72] to the Recommendation.  Having considered Defendant Rockwell's Objection and having investigated those matters *de novo*, this Court agrees with the findings and conclusions of the United States Magistrate Judge.  Thus, the Recommendation [Doc. 71] is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**.

1

This Court agrees with the Magistrate Judge that there are genuine issues of material fact regarding Plaintiff's excessive force claim as to Defendant Rockwell. Contrary to Defendant's argument that Plaintiff suffered no injury, the evidence, both from Plaintiff's testimony and the testimony from fellow inmate Calvin Belt, creates a genuine issue of material fact as to whether Plaintiff suffered any injury from Defendant Rockwell's alleged blow to Plaintiff's face.  This Court recognizes that even taking Plaintiff's version of the facts as true the alleged injury he suffered was minor. However, as the Magistrate Judge thoroughly explained, this Court must focus on the nature of the *force* applied, not the resulting injury.  See Wilkins v. Gaddy, 559 U.S. ___, 130 S.Ct. 1175, 1778 (2010) (per curiam) ("The core judicial inquiry . . . [is] not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (internal quotations and citation omitted).  The evidence presented by Plaintiff is sufficient to support a finding that Defendant Rockwell acted sadistically and maliciously to cause harm.

This Court is not persuaded by Defendant's argument that he is entitled to summary judgment because Plaintiff's medical records fail to document that Plaintiff suffered any visible injury.  In a recent 8th Amendment excessive force case with similar facts to this case, the Eleventh Circuit reversed the district court's decision to grant

2

summary judgment for the defendant where the plaintiff claimed he suffered physical injury, but the plaintiff's medical records failed to note any obvious injury.  <u>Hall v. Bennett</u>, 447 Fed. Appx. 921, 2011 WL 5903541 (2011).  The Court stated that "while [plaintiff's] medical reports did not note any obvious injuries, we are mindful of the fact that the focus of the inquiry is on the nature of the force applied, not the extent of the injury."  <u>Id.</u> at 923-24 (citing <u>Wilkins</u>, 130 S.Ct. at 1778).  Like in <u>Hall</u>, this case presents "two competing, contradictory stories of what happened," and this Court cannot "improperly weigh[] the witnesses' credibility by favoring [the defendant's] account over [the plaintiff's]."  <u>Id.</u> at 924.  Thus, summary judgment for Defendant Rockwell is inappropriate.

Defendant Rockwell also argues that because Plaintiff suffered no injury, any recovery must be limited to nominal damages, and he cannot recover compensatory or punitive damages.  As this Court has already stated, there are genuine issues of material fact as to whether Plaintiff suffered any physical injury; thus, this Court certainly cannot limit Plaintiff's damages on summary judgment based on the theory he suffered no injury.  This Court, however, can envision an argument that if the jury found in favor of Plaintiff, the injury he suffered would be *de minimis*, and therefore the Prison Litigation and Reform Act would bar recovery for any emotional or mental injury suffered.  <u>See</u> <u>Harris v. Garner</u>, 190 F.3d 1279, 1286-87 (11th Cir.1999), *reh'g granted,*

*opinion vacated*, 197 F.3d 1059 (11th Cir.1999), *opinion reinstated in pertinent part on reh'g*, 216 F.3d 970 (11th Cir.2000), *cert. denied*, 532 U.S. 1065)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in <u>Hudson [v. McMillian</u>, 503 U.S. 1 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than *de minimis*, but need not be significant."). The Court will entertain any further arguments on limitation of damages at the pretrial conference of this case.

## CONCLUSION

For the foregoing reasons, the Recommendation [Doc. 71] is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT.** Plaintiff's Motion for Summary Judgment [Doc. 61] is hereby **denied**, and Defendants' Motion for Summary Judgment [Doc. 59] is hereby **granted** as to Defendants Harrell and Register, and **denied** as to Defendant Rockwell.

**SO ORDERED**, this 26th day of March, 2012.


S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH

4