IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CHARLES LENWOOD NIX, JR,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:10-CV-256 (CAR) |
| | : | |
| **ALAN CARTER,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is an unopposed Motion for Summary Judgment filed by Defendant Wardens Alan Carter, Willie Hollie, and Todd Tripp. Doc. 70. For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment be **GRANTED**.

PROCEDURAL HISTORY

On February 1, 2012, Plaintiff Charles Lenwood Nix, Jr., who is proceeding pro se, filed the above-captioned action pursuant to 42 U.S.C. §1983 raising allegations of: 1) excessive force by Defendant Sergeant Jermaine Rockwell; 2) failure to intervene by Defendants Charles Register and Charlie Harrell; and 3) deliberate indifference by Defendant Wardens Alan Carter, Todd Tripp, and Willie Hollie. Doc. 1. On March 26, 2012, the Court entered an order granting in part and denying in part a Motion for Summary Judgment filed by Defendants Rockwell, Register, and Harrell. Doc. 73. In particular, the Court determined that Defendants Register and Harrell were entitled to summary judgment but that Plaintiff's claim of excessive force against Defendant Rockwell would proceed to trial. Id.

On February 1, 2012, Defendant Wardens Alan Carter, Willie Hollie, and Todd Tripp filed a separate Motion for Summary Judgment. On March 28, 2012, Plaintiff was ordered to file

a response within twenty-one days. On April 26, 2012, because no response had been filed, an Order giving Plaintiff until May 9, 2012 to show cause for this failure was entered. Doc. 75. Plaintiff subsequently filed a Notice of Change of Address (Doc.76) and a Notice of Continual Execution of the Case (Doc.78). Based upon statements contained in the latter, the document was construed as a request for an extension of time to respond. On this basis, the Court extended the Plaintiff's deadline to respond to June 21, 2012 and directed the Clerk to provide Plaintiff with copies of the aforementioned Orders to Respond and to Show Cause. Doc. 79. To date, no response has been filed. Nevertheless, before entering summary judgment for these Defendants, the Court must ensure that summary judgment is warranted under Rule 56 of the Federal Rules of Civil Procedure.

## LEGAL STANDARDS

Summary judgment is proper if the evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant bears the burden of establishing the absence of a dispute over a material fact. Reynolds v. Bridgestone/Firestone, Inc., 989 F.2d 465, 469 (11th Cir. 1993). The evidence and factual inferences made from the evidence are viewed favorably to the party opposing summary judgment. Reynolds, 989 F.2d at 469.

The moving party must meet its burden even if the non-moving party fails to respond to a motion for summary judgment. Courts "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004). In considering the merits of an unopposed motion for summary judgment, a court

> need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment.

Id. at 1101-02. In other words, the court cannot simply accept the facts stated in a moving party's statement of material facts as true, but must also review the movant's citations to the record and confirm that there are no issues of material fact. Id. at 1103 n. 6. Pursuant to Rule 56(c), the court "need consider only the cited materials, but it may also consider other materials in the record."

## DISCUSSION

Because Plaintiff has failed to file any response in opposition to the instant Motion for Summary Judgment, the Court accepts as accurate and relies upon the evidence submitted in support of Carter, Hollie, and Tripp's Motion. The Court nevertheless views this evidence and all factual inferences drawn from the evidence in the light most favorable to Plaintiff.

According to Plaintiff, during his May 18, 2010 intake at Wilcox State Prison, Defendant Officer Jermaine Rockwell struck him on the left side of his face. At that time, Plaintiff explains that former Defendant Charles Register exclaimed, "The wardens are backing us on any legal charges. Fuck your lawsuits," and added "they gave us our orders." Rockwell then added that the officers were told to use force. Plaintiff further maintains that, since this action was filed, he has learned of "more than a dozen inmates who [were] either assaulted in handcuffs or out of handcuffs" and has become aware that numerous grievances and complaints from family members concerning such conduct have been filed. Based upon these allegations, Plaintiff contends that Defendant Wardens Carter, Hollie, and Tripp were on notice of this pattern of abuse and, as such, must be held responsible. Pl.'s Resp. 5-6 (Doc. 22).

In response to these allegations, in support of their motion, Defendants Carter, Hollie, and Tripp provided, among other things, their own affidavits as well as that of Officer Charles Register.  Def's Ex. A-D, Doc. 70.  In his affidavit, Officer Register maintains that neither he nor any other officer threatened or struck Plaintiff during the intake process on May 18, 2010. Register Aff. ¶4.  Register further asserts that "at no time, did [he] tell inmate Nix that any use of excessive force against him was ordered by or 'backed' by Warden Carter or Deputy Wardens Tripp or Hollie." Id. at ¶5.  In like manner, and within their respective affidavits, Wardens Carter Tripp and Hollie maintain that they did not order any officer or other prison official to assault any inmate nor did they institute, approve or ratify any custom or policy permitting the use of force against inmates at Wilcox State Prison. Def's Ex. A-C, Doc. 70.  Furthermore, the Wardens go on to note that Sergeant Harrell, Officer Register, and Officer Rockwell have never been found to have applied excessive force to an inmate nor have they been reprimanded, terminated, or otherwise had any adverse employment action taken against them for applying excessive force to an inmate. Id.  Finally, the Wardens deny any personal knowledge of any substantiated instance of excessive force by Sergeant Harrell, Officer Register, or Officer Rockwell. Id.  These statements, coupled with Plaintiff's failure to present evidence or otherwise establish personal participation by Defendants Carter, Tripp, or Hollie in the alleged incident are sufficient to demonstrate that the claims against these defendants are without merit and must fail.

## CONCLUSION

Because Plaintiff has failed to establish the existence of any issue of material fact with respect to his claims against Carter, Tripp, or Hollie, these defendants are entitled to judgment as

a matter of law.  Accordingly, **IT IS RECOMMENDED** that their Motion for Summary Judgment be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 17th day of July, 2012.

                                          s/ Charles H. Weigle
                                          Charles H. Weigle
                                          United States Magistrate Judge