IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHARLES LINWOOD NIX,     :
                              :

     Plaintiff,           :

v.                             :

                              :     No. 5:10-cv-256 (CAR)

Warden ALAN CARTER, et al.,     :

                              :

     Defendants.         :

_____ :

## ORDER ON DEFENDANT ROCKWELL'S  MOTION IN LIMINE
## AND MOTION TO DISMISS

Before the Court are Defendant Jerome Rockwell's Motion in Limine regarding
Plaintiff's damages available under the Prison Litigation Reform Act (PLRA), and his
Motion to Dismiss for Plaintiff's alleged failure to prosecute this action pursuant to
Federal Rule of Civil Procedure 41(b).  Plaintiff has filed a response to the Motion to
Dismiss [Doc. 85].  After considering the facts and applicable law, Rockwell's Motions
[Docs. 83 and 84] are both **DENIED**.

## BACKGROUND

Plaintiff, a *pro se* prisoner, originally filed this action pursuant to 42 U.S.C. §
1983 raising allegations of: (1) excessive force by Defendant Rockwell; (2) failure to

intervene by Defendants Register and Harrell; and (3) deliberate indifference by Defendants Carter, Tripp, and Hollie.  This Court has granted summary judgment in favor of all Defendants except Defendant Rockwell, as this Court found genuine issues of material fact exist as to whether Rockwell's use of force was applied maliciously and sadistically and was more than a *de minimis* use of force.

Thereafter, Defendant Rockwell filed the currently-pending Motion in Limine regarding damages available to Plaintiff under the PLRA to which Plaintiff did not file a response.  Defendant Rockwell then filed his Motion to Dismiss for Plaintiff's alleged failure to prosecute this action.

## DISCUSSION

Motion to Dismiss for Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Dismissal for failure to prosecute under Rule 41(b) is "considered a sanction of last resort, applicable only in extreme circumstances."[1]  To warrant such dismissal, there must be "a clear record of delay or

---

[1] *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

willful contempt and a finding that lesser sanctions would not suffice."[2]

Having carefully reviewed the record in this case, the Court is unable to make the findings necessary to impose the extreme sanction of dismissal here. The record does not evince any "clear record of delay" or "willful contempt" of Court orders. Moreover, this Court is persuaded by Plaintiff's prompt response to Defendant's Motion to Dismiss that dismissal under Rule 41(b) is inappropriate.

Motion in Limine

Defendant Rockwell has also filed a Motion in Limine in which he argues that because Plaintiff's physical injuries are merely *de minimis*, the PLRA bars Plaintiff from recovering any damages and this case must be dismissed. This Court, however, disagrees and finds that even assuming Plaintiff's physical injuries are *de minimis*, Plaintiff may at least recover nominal damages.

The PRLA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for <u>mental or emotional</u> injury suffered while in custody without a prior showing of physical injury."[3] Although section 1997e(e) does not define what constitutes a physical injury, the Eleventh Circuit has concluded that in order to satisfy the statute "the physical injury must be

---

[2] *Id.* (quotations omitted).
[3] 42 U.S.C. § 1997e(e) (emphasis added).

more than *de minimis*, but need not be significant."[4]  Thus, in the Eleventh Circuit, it is clear that a prisoner must establish more than a *de minimis* physical injury to recover compensatory and punitive damages for any <u>mental or emotional</u> injury suffered.[5] Therefore, in this case, if the Court determines that Plaintiff suffered only a *de minimis* physical injury, the PLRA bars Plaintiff from recovering compensatory and punitive damages for any mental or emotional injury he may have suffered.

However, here, Plaintiff is also seeking damages for the <u>actual</u> physical injuries he received from the alleged excessive use of force.  This Court can find no authority limiting a prisoner's damages for the <u>actual</u> physical injury he may have suffered, even if the court determines the injury was *de minimis.*  Section 1997e(e) only bars recover for mental or emotional injury, and the Eleventh Circuit has held that "[c]ompensatory damages under §1983 may be awarded [] based on <u>actual injuries</u>

---

[4] *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *vacated in part on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *see also Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-1313 (11th Cir. 2002) ("In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis.*") (citation omitted).

[5] *See Mitchell*, 294 F.3d at 1312-13 (§ 1997e(e) requires showing of more than *de minimis* physical injury in order for plaintiff to proceed on claim for mental or emotional injury); *Al-Amin v. Smith*, 637 F.3d 1192, 1199 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages for mental and emotional injuries in the absence of the requisite physical injury).

caused by the defendant. . . ."[6]  This Court has already found a jury question exists as to whether Plaintiff suffered the actual injuries he claims.  Thus, if the jury in this case determines that Defendant's use of force was unconstitutional, and Plaintiff suffered an actual physical injury, this Court can find no reason why the jury could not award compensatory damages for the <u>actual</u> physical injury Plaintiff suffered.[7]   If the jury finds Plaintiff has a compensable physical injury, then the jury is authorized to award punitive damages based on the compensable physical injury.[8]

Defendant also argues that if the Court finds Plaintiff's physical injuries were *de minimis*, he is barred from recovering nominal damages.  The Court, however, is unpersuaded by Defendant's arguments and cited authority and finds Plaintiff may recover nominal damages even if the Court determines his physical injuries were *de minimis*.  Although the Eleventh Circuit has not definitively decided on the availability of nominal damages under § 1997e(e) when Plaintiff suffers only a *de minimis* physical injury, it appears nominal damages are available under the PLRA.[9]  Indeed, in an

---

[6] *Williams v. Brown*,  347 Fed. Appx. 429, 436 (11th Cir. 2009) (emphasis in the original) (citing *Slicker v. Jackson*, 215 F.3d 1225, 1229 (11th Cir. 2000)).

[7] *See Tate v. Blanton*, Case No. 7:09-CV-142 (HL), 2011 WL 1123732 at *6 (M.D. Ga. March 4, 2011) (court found genuine issue of material fact existed as to whether plaintiff suffered actual injury from alleged assault and thus allowed claims for compensatory and punitive damages to go to jury).

[8] *See Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007) (punitive damages, absent a showing of a compensable physical injury, is prohibited by § 1997e(e)).

[9] *See Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003) ("Nominal damages are appropriate if a plaintiff

unpublished case, the Eleventh Circuit held that "[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages. Thus, a prayer for nominal damages is not precluded by §1997e(e)."[10]  Moreover, this Court agrees with the vast majority of district courts in this Circuit that allow prisoners to recover nominal damages under the PLRA where the prisoner suffers from only a *de minimis* physical injury.[11]

It also appears that Defendant Rockwell seeks to have this Court conclude that any injuries the jury may find Plaintiff suffered are *de minimis* as a matter of law.  The Court however, will discuss this issue with the parties at the pretrial conference of this case and may determine the *de minimis* nature of any injuries Plaintiff suffered based on the evidence presented at trial.

---

establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages.").

[10] *Williams*, 347 Fed. Appx. at 436 (citing *Hughes*, 350 F.3d at 1162, and *Smith*, 502 F.3d at 1271).

[11] *See, e.g., Magwood v. Tucker*, Case No. 3:12-CV-140/RV/CJK, 2012 WL 5944686 at *5 (N.D. Fla. Nov. 14, 2012) (because prisoner suffered *de minimis* physical injury, "[t]he only damages [he] will be able to recover, if successful, are nominal ones (ordinarily $1.00)."); *Miller v. Georgia Dept. of Corrections*, Case No. 5:11-cv-465-MTT-MSH, 2011 WL 6779866 at *3 (M.D. Ga. Dec. 27, 2011) (finding that nominal damages may be available to plaintiff where only suffered *de minimis* physical injury); *Wilder v. Lawson*, Case No. CV 110-109, 2011 WL 3703398 at *4 (S.D. Ga. July 26, 2011) (finding that "§ 1997e(e), while foreclosing the possibility of compensatory and punitive damages, may not preclude a prisoner from seeking nominal damages" for inmate who fails to establish more than a *de minimis* physical injury) (citation omitted); and *Tate*, Case No. 7:09-CV-142 (HL), 2011 WL 1123732 at *6.

## CONCLUSION

In accordance with the foregoing, Defendant Rockwell's Motion to Dismiss for failure to prosecute [Doc. 84] and Motion in Limine regarding Plaintiff's damages available under the PLRA [Doc. 83] are hereby **DENIED**.  This case will be set for a pretrial conference and trial.

**SO ORDERED,** this 1st  day of February, 2013.

<u>S/  C.  Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH