IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHARLES LINWOOD NIX, | : | |
| | : | |
|     Plaintiff, | : | |
| v. | : | |
| | : | No. 5:10-cv-256 (CAR) |
| JERMAINE ROCKWELL, | : | |
| | : | |
|     Defendant. | : | |
| _____ | : | |

## ORDER ON DEFENDANT ROCKWELL'S  MOTION IN LIMINE REGARDING DAMAGES AVAILABLE UNDER THE PLRA

Before the Court are Defendant Jermaine Rockwell's Motions in Limine [Doc. 94]. For the reasons set forth during the pretrial conference held on March 18, 2013, motions 2 through 8 are GRANTED.  For the reasons set forth herein, motion number 1, that Plaintiff is not entitled to any damages in this action under the Prison Litigation Reform Act ("PLRA"), is hereby DENIED.  Thus, Defendant's Motions in Limine are **GRANTED in part** and **DENIED in part** [Doc. 94].  As explained below, after hearing from Plaintiff at the pretrial conference, this Court cannot find as a matter of law that Plaintiff's injuries are *de minimis*; therefore the PLRA does not bar Plaintiff from recovering compensatory and punitive damages.

1

Because Plaintiff was a prisoner when he filed this action, the action is subject to 42 U.S.C. § 1997e(e), which limits the recovery of monetary damages by prisoner plaintiffs for claims based on mental or emotional injuries, suffered while in custody, when no physical injury is present.[1]  "In order to satisfy section 1997e(e), the physical injury must be more than *de minimis*, but need not be significant"[2] – "whatever," as the Supreme Court recently observed, "those ill-defined terms might mean."[3]  Indeed, no clear definition exists of what constitutes a *de minimis* physical injury.  Black's Law Dictionary defines *de minimis* as "trifling, minimal; (of a fact or thing) so insignificant that a court may overlook it in deciding an issue or case."[4]

Plaintiff states that as a result of Defendant Rockwell's punch to his face, he suffered redness, swelling, and bruising that lasted for three days.  While these injuries may be minor, they are not so "trifling" that the Court can overlook them. Defendant points to multiple Eleventh Circuit cases to support its contention that Plaintiff's injuries are *de minimis;* however, vague injuries to a plaintiff's back and

---

[1] Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

[2] *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *vacated in part on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc).

[3] *Wilkins v. Gaddy*, 559 U.S. 34, 130 S.Ct. 1175, 1179 (2010).

[4] Black's Law Dictionary (9th ed. 2009).

scrapes and marks on his knees and legs[5]; minor bruising which disappeared without

treatment[6]; a bruise on an elbow and shoulder[7]; a superficial finger and fingernail

injury[8]; and anxiety, nightmares, and hallucinations[9]; are distinguishable from

Plaintiff's injuries of a red, swollen, and bruised face that lasted for three days.

Moreover, the Court finds the three cases decided in this district that Defendant cites

to further support a finding that Plaintiff's injuries are *de minimis,* are also

distinguishable.  In *Green v. Nopen*, the undersigned found the plaintiff's swollen lip –

the only injury he suffered – to be *de minimis* as a matter of law.[10] In *Coppage v. Lucas*,

Judge Lawson found that plaintiff's temporary swelling was *de minimis,* specifically

noting that no bruising resulted from the force used.[11]  In *Smith v. Moultrie*, Judge

Sands found that mere bruising was *de minimis.*[12] While the Court finds this to be a

close case, it cannot determine Plaintiff's claimed injuries are *de minimis* as a matter of

law.  Thus, the PLRA does not limit the damages Plaintiff may seek at trial.

---

[5] *Mann v. McNeil,* 360 F. App'x 31, 32 (11th Cir. 2010).
[6] *Nolin v. Isbell*, 207 F.3d 1253, 1258 n.4 (11th Cir. 2000).
[7] *McCall v. Crosthwaite*, 336 F. App'x 871, 872 (11th Cir. 2009).
[8] *Johnson v. Moody*, 206 F. App'x 880, 885 (11th Cir. 2006).
[9] *Chatham v. Adcock*, 334 F. App'z 281, 285 (11th Cir. 2009).
[10] *Green v. Nopen*, Case No. 5:09-CV-8 (CAR), 2010 WL 942233, *3 (M.D. Ga. Feb. 3, 2010).
[11] *Coppage v. Lucas*, Case. No. 7:08-CV-10 (HL), 2009 WL 2566990, *3 (M.D. Ga. Aug. 14, 2009).
[12] *Smith v. Moultrie*, Case No. 7:07-CV-116 (WLS), 2007 WL 2684983, *5 (M.D. Ga. Sept. 7, 2007).

**SO ORDERED,** this  25th day of March, 2013.


S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH

4